1
2
3
4                                             **E-FILED on    5/23/06**
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              SAN JOSE DIVISION
11

**United States District Court**
For the Northern District of California

12   In re ENTERPRISE BROADCASTING              No. C-06-00792 RMW
     CORPORATION,
13                                              ORDER GRANTING McCUDDEN'S
14           Debtor.                            MOTION TO WITHDRAW BANKRUPTCY
                                                REFERENCE
15   JOHN W. RICHARDSON, Trustee in             **[Re Docket Nos. 1, 4, 5]**
     Bankruptcy,
16
                 Plaintiff,
17
             v.
18
     RICHARD McCUDDEN,
19
                 Defendant.
20

21

22          Richard McCudden moves this court to withdraw the reference of trustee John

23   Richardson's complaint to the bankruptcy court.  For the reasons given below, the court grants the

24   motion.

25                                 **I.  BACKGROUND**

26          In June 2003, Enterprise Broadcasting Corporation ("EBC") filed a voluntary petition

27   under Chapter 7, which became Bankruptcy Case No. 03-53622 and was assigned to Judge Arthur

28   Weissbrodt.  Richardson became trustee of the bankruptcy estate.  Two years later, Richardson

1   filed a complaint against the principals of EBC (Jean Shrader, Don Shrader, and Richard

2   McCudden) and a backer (Michael Pegram), which became Adversary Proceeding No. 05-05330.

3   On September 7, 2005, McCudden moved to dismiss the complaint or, in the alternative, for a

4   more definite statement.  On November 8, 2005, there was a hearing before Judge Weissbrodt on

5   McCudden's motion to dismiss.  The next day, McCudden filed a motion to withdraw the

6   reference to the bankruptcy court.[1]  On November 21, 2005, Judge Weissbrodt denied McCudden's

7   motion to dismiss.  On November 28, 2005, McCudden answered the complaint.

8                               **II.  ANALYSIS**

9        Title 28 U.S.C. § 157(d) governs withdrawal of matters from the bankruptcy court, and

10  provides in full:

11       The district court may withdraw, in whole or in part, any case or proceeding
         referred under this section, on its own motion or on timely motion of any party, for
12       cause shown.  The district court shall, on timely motion of a party, so withdraw a
         proceeding if the court determines that resolution of the proceeding requires
13       consideration of both title 11 and other laws of the United States regulating
         organizations or activities affecting interstate commerce.

14  Mandatory withdrawal (the second sentence) is not at issue here, as the torts claims against

15  McCudden are state-law ones for breach of fiduciary duty and fraud.  Permissive withdrawal (the

16  first sentence) gives district courts the authority to withdraw a reference to the bankruptcy court

17  "for cause shown" and upon either the district court's own motion (presumably at any time) or

18  "timely motion of any party."

19  **A.  Cause**

20       Whether cause exists is a matter generally left to the district court's discretion.  *In re*

21  *Cinematronics*, 916 F.2d 1444, 1451 (9th Cir. 1990).  In determining whether cause exists, a

22  district court should consider: (1) the efficient use of judicial resources; (2) delay and costs to the

23  parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5)

24  other related factors.  *Sec. Farms v. Int'l. B'hd of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

25  The delay and cost factor does not strongly favor either result; motions to dismiss have been ruled

26  upon in the bankruptcy court, but McCudden raises the possibility that he (or another party) might

27

28  _____

[1]     This motion was, inexplicably, not transmitted to the district court until February 3, 2006.

United States District Court

For the Northern District of California

1  seek review of any bankruptcy court decision before the district court.  Nor does efficiency

2  strongly favor either result at this juncture.[2]  As the claims asserted by Richardson could have

3  been brought as an original matter in the district court, uniformity of bankruptcy administration is

4  not endangered by trying those claims here.  The court has some concern about forum-shopping;

5  that McCudden filed his motion to withdraw the reference the day after Judge Weissbrodt heard

6  McCudden's motion to dismiss suggests that McCudden did not feel argument before Judge

7  Weissbrodt went well and that McCudden would rather have a different judge decide this matter.

8  One last factor that should be considered is that McCudden attempted to preserve his right to a

9  jury trial by including a demand for one in his answer, and that unless he has waived that right by

10 making an untimely motion to withdraw the reference, withdrawal is mandatory for the non-core

11 claims[3] against McCudden.  *See Cinematronics,* 916 F.2d at 1451.

**B.  Timeliness**

13         Failure to object to the bankruptcy court's jurisdiction in a timely manner constitutes

14 implied consent to the resolution of the controversy.  *See In re Mann*, 907 F.2d 923, 926 (9th Cir.

15 1990).  There is little Ninth Circuit caselaw on what constitutes timeliness under 28 U.S.C.

16 § 157(d).  "A motion to withdraw is timely if it was made as promptly as possible in light of the

17 developments in the bankruptcy proceeding."  *Security Farms*, 124 F.3d at 1007 n.3 (9th Cir.

18 1997) (internal quotation marks omitted).  Another district court granted a motion to withdraw a

19 reference two months into an adversary proceeding before the bankruptcy court.  *See In re

20 Addison*, 240 B.R. 47, 50 (C.D. Cal.1999) (withdrawing reference largely on efficiency grounds).

21 Given that little has transpired in the bankruptcy court, the court will exercise its discretion to

22 deem McCudden's motion to withdraw timely.

---

[2]  Some blame with lack of efficiency at this point lies with McCudden.  He did not comply with
Fed.R.Bankr.P. 7012(b)'s requirement that his answer state whether he consented to a bankruptcy
judge entering final judgment on his claims, which has led to the inefficiency of this court
considering his motion after some proceedings before Judge Weissbrodt.  However, it is possible at
this point that an appeal from the bankruptcy court would result in inefficient, repetitive
consideration of this matter by both the bankruptcy court and this court.

[3]  McCudden and Richardson appear to agree that Richardson's claims against McCudden are
partly core and partly non-core, and the court will assume this to be the case.

1

**C.  Scope of withdrawal**

2

    All remaining parties[4] to the adversary proceeding agree that there is substantial overlap

3

between the claims against McCudden and the claims against the Shraders and that it would be

4

wasteful and inefficient to withdraw the reference only as to the claims against McCudden.  The

5

court agrees.

6

### III.  ORDER

7

    For the foregoing reasons, the court grants McCudden's motion and withdraws the reference

8

to the bankruptcy court of Adversary Proceeding No. 05-05330.  The remainder of that action will

9

be handled before this court as Case No. C-06-00792 RMW.

10

11

12

DATED:        5/23/06

*Ronald M Whyte*

13

RONALD M. WHYTE
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[4] Pegram and Richardson have filed a stipulation to dismiss Pegram from the adversary proceeding.

ORDER GRANTING McCUDDEN'S MOTION TO WITHDRAW BANKRUPTCY REFERENCE—No. C-06-00792 RMW
JAH                                    4

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for plaintiff:**

Jesse F. Ruiz                jfr@robinsonwood.com

**Counsel for defendants:**

Gary Redenbacher            Gary@RedBrownLaw.com
Maureen Ann Harrington      mharrington@mghhsf.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Copies of this order will be sent to:**

The Honorable Arthur S. Weissbrodt
United States Bankruptcy Court for the Northern District of California
280 South First Street
San Jose, CA 95113

USBC Manager-San Jose
United States Bankruptcy Court for the Northern District of California
280 South First Street , Room 3035
San Jose, CA 95113

**Dated:**    5/23/06            _____/s/_____
                                **Chambers of Judge Whyte**

ORDER GRANTING McCUDDEN'S MOTION TO WITHDRAW BANKRUPTCY REFERENCE—No. C-06-00792 RMW JAH

5